IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL GARDNER,

    Petitioner,

                                                                                                                                                       No. 2:23-cv-0191 JCH/DLM

GEORGE STEPHENSON, and
ATTORNEY GENERAL for the
STATE OF NEW MEXICO,

    Respondents.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      THIS MATTER is before the Court on United States Magistrate Judge Damian L. Martínez's Proposed Findings and Recommended Disposition (PFRD) filed June 27, 2024. (Doc. 16.) Judge Martínez finds that Gardner filed a mixed petition containing both exhausted and unexhausted claims but recommends the Court find all Gardner's claims should be denied on the merits. (*See id.* at 1.) He also recommends denying Gardner's requests to appoint counsel.

      The PFRD notified the parties of their ability to file objections no later than 14 days after the PFRD was filed. (*Id.* at 25.) Gardner filed a Motion to Appeal and Object to the Dismissal of Federal Habeas Petition. (Doc. 17.) Gardner reasserts arguments he made previously regarding a violation of his *Miranda* rights by the questioning detective, that his trial counsel was ineffective for failure to move to suppress his statement due to the *Miranda* violation, and that the State failed to present sufficient evidence to uphold the conviction. (*See* Docs. 1 at 19–20, 31–33; 16 at 15–16, 19–24; 17.) Gardner failed to otherwise specifically object to the PFRD. (*See* Doc. 17.)

      "A party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review . . . ." *United States v. One Parcel of*

*Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In accordance with 28 U.S.C. § 636(b)(1)(C), the Court has made "a de novo determination of those portions of the [PFRD] . . . to which" Gardner has objected. *See also* Fed. R. Civ. P. 72(b)(3). Considering Gardner's motion and having conducted a de novo review of the record, the Court will overrule Gardner's objections and adopt the PFRD.

**IT IS THEREFORE ORDERED** that Gardner's Motion and Objections (Doc. 17) are **OVERRULED** and the PFRD (Doc. 16) is **ADOPTED**;

**IT IS FURTHER ORDERED** that Gardner's motions to appoint counsel (Docs. 13; 15) are **DENIED**;

**IT IS FURTHER ORDERED** that Gardner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED with prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability is denied. Habeas Corpus rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated in the PFRD, Gardner has not demonstrated that the issues in this matter are debatable and the Court will **DENY** a certificate of appealability.

_____
SENIOR UNITED STATES DISTRICT JUDGE